IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FANNY K.F. TSUN, | ) CIVIL NO. 12-00051 LEK-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION REGARDING |
| vs. | ) PLAINTIFF'S OBJECTION TO |
| | ) DEFENDANT'S BILL OF COSTS |
| WDI INTERNATIONAL, INC.; | ) |
| JOHN DOES 1-10; DOE | ) |
| ENTITIES 1-10, INCLUSIVE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION REGARDING
PLAINTIFF'S OBJECTION TO DEFENDANT'S BILL OF COSTS

On April 11, 2013, Defendant WDI International,
Inc. filed a Bill of Costs ("BOC").  On April 15, 2013,
Plaintiff Fanny Tsun ("Plaintiff") filed an Objection
to the BOC.  With leave of Court, Defendant filed a
Declaration in Response to Plaintiff's Objection.

The Court finds this matter suitable for
disposition without a hearing pursuant to Rule 7.2(d)
of the Local Rules of Practice of the U.S. District
Court for the District of Hawaii ("Local Rules").

Defendant requests $4,620.13 in costs - $410.00 in fees for service of summons and subpoena; $4,045.60[1] in transcript costs; $109.30 in printing costs; and $55.23 in witness fees.  Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that "costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in LR54.2(b)."  Local Rule 54.2(a).

Here, Defendant is the prevailing party, having obtained judgment in its favor on March 28, 2013.  The Court's discussion is therefore limited to whether the applicable law and/or Plaintiff's objections warrant a denial or reduction of the requested costs.

---

[1]  Defendant actually seeks $4,065.60.  The transcript cost for China Airlines, Ltd. was mistakenly inputted in the Exhibit C chart as $113.86 instead of $133.86.

2

Courts have discretion to award costs pursuant to Rule 54(d).  <u>See</u> <u>Yasui v. Maui Elec. Co., Ltd.</u>, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  The burden is on the losing party to demonstrate why costs should not be awarded. <u>Stanley v. Univ. of S. Cal.</u>, 178 F.3d 1069, 1079 (9th Cir. 1999).

While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  <u>See</u> <u>Yasui</u>, 78 F. Supp. 2d at 1126 (citing <u>Alflex Corp. v. Underwriters Labs., Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990); <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987)).  Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this

title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; Yasui, 78 F. Supp. 2d at 1126.

As an initial matter, the Court addresses Plaintiff's allegation that Defendant failed to engage in a conference with Plaintiff's counsel.  Local Rule 54.2(c) requires

a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs, and the prevailing party shall state the results of such a conference, or that the prevailing party made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held.

Local Rule 54.2(c).  Defense counsel represents that he contacted Plaintiff's counsel to schedule a meet and confer, and provided the charts attached to the BOC, but that Plaintiff's counsel indicated that he was too busy with another matter to meet.  Aff. of Matt A. Tsukazaki in Support of Defendant WDI International, Inc.'s Bill of Costs ("Tsukazaki Aff.") at ¶ 18.  Prior

4

to defense counsel's request to confer, the parties had
been engaged in settlement discussions.  Based on the
detailed chronology concerning the settlement
discussions provided by Mr. Tsukazaki, the Court finds
that Defendant complied with Local Rule 54.2(c).

The Court shall now address each category of
costs requested by Defendant in turn.

A.  Service Fees

Defendant requests $410.00 in service fees
incurred in connection with the service of subpoenas on
various parties and witnesses.  Section 1920(1) allows
for the taxation of the fees of the clerk and marshal.
Local Rule 54.2(f)(1) provides: "[f]ees for the service
of process and service of subpoenas by someone other
than the marshal are allowable, to the extent that they
are reasonably required and actually incurred."  Local
Rule 54.2(f)(1).  Defendant represents that the
subpoenas were served to obtain information and
documents relevant to the claims and defenses in this
case, and Defendant has provided documentation that it
paid the fees.

Plaintiff challenges the requested fees as they relate to Lavay Lau, Mina Webster, Mickey Tseng, Kevin Kimata, Best Tours, China Airlines, and Hoichui Tsun, arguing that the costs were not necessarily obtained for use in the case.  The Court disagrees.  Defendant has adequately supported its request, and the Court finds that the service fees were reasonably required and actually incurred.  Accordingly, the Court recommends that the district court tax $410.00 in service fees.

B.   Deposition Transcript Fees

Defendant requests $4,065.60 in deposition transcript fees.  Section 1920(2) provides for the taxation of the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Local Rule 54.2(f)(2) provides:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable.  A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken it could reasonably be expected that

6

> the deposition was used for trial
> preparation, rather than mere discovery.

Local Rule 54.2(f)(2).  Defendant represents that the

depositions were all taken with the expectation that

they would be used for trial preparation and/or at

trial.  Plaintiff presumes that Lavay Lau and Mina

Webster's depositions were taken for use in Defendant's

reply memorandum to its motion for summary judgment and

argues that the related transcripts are not compensable

because the district court struck the reply memorandum.

Defendant clarifies that insofar as Dr. Lau's

deposition was rescheduled for a date after the hearing

on the motion for summary judgment, its only purpose

was for use in the preparation of trial.  Furthermore,

Defendant explains that Plaintiff named Ms. Webster as

a witness and although her deposition was used in the

reply memorandum, it was also obtained for trial

preparation.  The Court is satisfied that the requested

deposition transcript fees were necessarily obtained

for use in the case and that at the time the

depositions were taken, Defendant reasonably expected

that the depositions would be used for trial preparation.  For these reasons, the Court recommends that Defendant be reimbursed for $4,065.60 in deposition transcript fees.

## C.   Outside Printing

Defendant requests $109.30 in outside printing costs.  Section 1920(3) provides for the taxation of "[f]ees and disbursements for printing."  Local Rule 54.2(f)(4) provides:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.  The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

Local Rule 54.2(f)(4).  Defendant submits that the professional image copying costs were for documents supporting its Rule 26 disclosures (two sets of 307 pages of documents).  Defendant also states that one

copy was retained by its counsel for use in this action.  The Court shall permit recovery of half of the requested costs – $54.65 – because Defendant admits that one set was for counsel's use.  Local Rule 54.2(f)(4) prohibits the recovery of cost of copies obtained for counsel's use.  As such, the Court recommends that $54.65 be taxed in Defendant's favor for outside printing costs.

D.  <u>Witness Fees</u>

Defendant asks the Court to tax $55.23 in witness fees.  Witness fees are taxable pursuant to § 1920(3).  Local Rule 54.2(f)(3) further specifies that "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821."  Local Rule 54.2(f)(3); <u>see</u> <u>also</u> <u>Clausen v. M/V New Carissa</u>, 339 F.3d 1049, 1064 (9th Cir. 2003) (stating that witness fees are taxable costs under § 1920(3), but are limited to forty dollars per day under 28 U.S.C. § 1821(b)).  Section 1821(b) limits witness fees to $40.00/day.  28 U.S.C. § 1821(b) ("A witness shall be

paid an attendance fee of $40 per day for each day's attendance.  A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.").  Based on the information provided by Defendant, the Court finds that the $55.23 in witness fees were reasonably necessary in this case.

As a final basis for challenging the BOC, Plaintiff contends that she cannot afford to pay for the costs requested by Defendant.  According to Plaintiff, she is unemployed and relies on her retired husband for living expenses.  Plaintiff has not provided any documentation to support her allegations about her inability to pay.  Her bare assertions are simply not persuasive, particularly given the relatively small request and recommended award.  Exposure to and liability for a defendant's costs is a risk assumed by plaintiffs in litigation.  The Court will not deprive Defendant of its entitlement to statutorily authorized costs as the prevailing party

merely because Plaintiff asserts an unsupported claim of "poverty".

In sum, the Court finds that Defendant is entitled to $410.00 in service fees; $4,065.60 in deposition transcript fees; $54.65 in outside printing costs; and $55.23 in witness fees.  The Court thus recommends that the district court tax **$4,585.48** in costs.

CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that Plaintiff's Objection, filed April 15, 2013, be SUSTAINED IN PART AND OVERRULED IN PART.  The Court recommends that the district court award Defendant **$4,585.48** in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 19, 2013.



Kevin S.C. Chang
United States Magistrate Judge

CV 12-00051 LEK-KSC; <u>Tsun v. WDI Int'l, Inc.</u>; FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S OBJECTION TO DEFENDANT'S BILL OF COSTS