IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FANNY K.F. TSUN, | ) | CIVIL NO. 12-00051 LEK-KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | DEFENDANT WDI |
| | ) | INTERNATIONAL, INC.'S |
| WDI INTERNATIONAL, INC.; | ) | MOTION FOR ATTORNEY'S FEES |
| JOHN DOES 1-10; DOE | ) | AND COSTS |
| ENTITIES 1-10, INCLUSIVE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT WDI INTERNATIONAL, INC.'S
MOTION FOR ATTORNEY'S FEES AND COSTS

Before the Court is Defendant WDI

International, Inc.'s ("Defendant") Motion for

Attorney's Fees and Costs ("Motion"), filed April 11,

2013.  Defendant filed a Statement of Consultation on

April 24, 2013.  On May 7, 2013, Plaintiff Fanny Tsun

("Plaintiff") filed an Opposition.  Defendant filed a

Reply on May 20, 2013.

The Court finds this matter suitable for

disposition without a hearing pursuant to Rule 7.2(d)

of the Local Rules of Practice of the U.S. District

Court for the District of Hawaii ("Local Rules").

After careful consideration of the Motion and the

applicable law, the Court HEREBY FINDS AND RECOMMENDS that the Motion be DENIED for the reasons set forth below.

<u>BACKGROUND</u>

As the Court and the parties are familiar with the history of this case, the Court includes only those facts relevant to the disposition of the instant Motion.

Plaintiff commenced this action on January 24, 2012, alleging that Defendant 1) violated the Family Medical Leave Act ("FMLA") by terminating her employment on the basis of a serious health condition and 2) violated Hawaii Revised Statutes ("HRS") Chapter 398 by retaliating against, denying, and terminating Plaintiff's employment based on her use of protected leave.

On November 26, 2012, Defendant filed a motion for summary judgment.  U.S. District Judge Leslie E. Kobayashi granted the motion on March 28, 2013.  Doc. No. 94.  That same day, the Clerk entered judgment. Doc. No. 95.

I.   <u>Attorneys' Fees</u>

Defendant argues that it is entitled to $77,712.01 in attorneys' fees and tax pursuant HRS § 607-14.5.   "When a district court . . . hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims."   <u>Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC</u>, 632 F.3d 1056, 1060 (9th Cir. 2011).   Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."   <u>Stanford Carr Dev. Corp. v. Unity House, Inc.</u>, 111 Hawaiʻi 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted); <u>DFS Group, L.P. v. Paiea Props.</u>, 110 Hawaiʻi 217, 219, 131 P.3d 500, 502 (2006) (quoting <u>TSA Int'l, Ltd. v. Shimizu Corp.</u>, 92 Hawaiʻi 243, 263, 990 P.2d 713, 733 (1999) ("Generally, under the 'American Rule,' each party is responsible for paying his or her own litigation expenses.   A notable exception to the 'American Rule,' however, is the rule that attorneys' fees may be awarded to the prevailing party where such

3

an award is provided for by statute, stipulation, or agreement.")).

HRS § 607-14.5 authorizes the award of attorneys' fees and costs in cases involving frivolous claims. It provides:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).[1]

---

[1] Subsection (b) provides:

> In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or

Haw. Rev. Stat. § 607-14.5(a).  A "frivolous" claim is one that is "'so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required.'"  <u>Canalez v. Bob's Appliance Serv. Ctr., Inc.</u>, 89 Hawai'i 292, 300, 972 P.2d 297, 303 (1999) (quoting <u>Coll v. McCarthy</u>, 72 Hawai'i 20, 29, 804 P.2d 881, 887 (1991)).

Defendant argues that because Plaintiff's claims were frivolous, it is entitled to attorneys' fees.  The Court disagrees.  Although Judge Kobayashi disposed of all of Plaintiff's claims in her summary judgment order and determined that Plaintiff's claims were not supported by the law and facts in the action, at no point has she made a finding in writing that Plaintiff's claims were frivolous.  HRS § 607-14.5(b) mandates that the court "find in writing that all or a

---

defenses made by the party are frivolous,
the court shall determine a reasonable sum
for attorneys' fees and costs in relation
to the frivolous claims or defenses.

Haw. Rev. Stat. § 607-14.5(b).

portion of the claims . . . made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action."  Haw. Rev. Stat. § 607-14.5(b).

Absent a written finding by Judge Kobayashi that Plaintiff's claims were frivolous, the Court is unable to recommend an award of attorneys' fees under HRS § 607-14.5.  This Court was not involved with the motion for summary judgment and cannot speak to the merits of Plaintiff's claims.  It would be inappropriate for this Court to make a finding of frivolousness when Judge Kobayashi, who had the opportunity to carefully assess the merits of the claims, did not do so.  For these reasons, the Court must decline to recommend an award of fees under HRS § 607-14.5.  Young v. Geico Indem. Co., CIV. No. 08-00171 JMS/KSC, 2009 WL 3049640, at **2-3 (D. Haw. Sept. 23, 2009) (adopting recommendation to deny fees pursuant to HRS § 607-14.5 in the absence of a written finding of frivolousness by the district judge).

## II. <u>Costs</u>

Defendant additionally requests $4,620.13 in costs.  Insofar as the Court addressed costs in its Findings and Recommendation Regarding Plaintiff's Objection to Defendant's Bill of Costs, <u>see</u> Doc. Nos. 115, 117, and $4,585.48 costs were taxed against Plaintiff, this request is deemed moot.[2]

<u>CONCLUSION</u>

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Defendant's Motion for Attorney's Fees and Costs, filed April 11, 2013, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, May 28, 2013.




Kevin S.C. Chang
United States Magistrate Judge

CV 12-00051 LEK-KSC; <u>Tsun v. WDI Int'l, Inc.</u>; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT WDI INTERNATIONAL, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS

---

[2]  When a bill of costs is filed, a duplicate request should not be made in the motion for attorneys' fees.