IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FANNY K.F. TSUN, ) | CIVIL NO. 12-00051 LEK-KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WDI INTERNATIONAL, INC., JOHN ) | |
| DOES 1-10, AND DOE ENTITIES   ) | |
| 1-10, INCLUSIVE,              ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING WDI'S OBJECTION TO MAGISTRATE
JUDGE'S FINDINGS AND RECOMMENDATION TO
DENY DEFENDANT WDI INTERNATIONAL, INC.'S
MOTION FOR ATTORNEY'S FEES AND COSTS AND
ADOPTING THE FINDINGS AND RECOMMENDATION**

On May 28, 2013, the magistrate judge filed his Findings and Recommendation to Deny Defendant WDI International, Inc.'s Motion for Attorney's Fees and Costs ("F&R"). [Dkt. no. 122.] On June 3, 2013, Defendant WDI International, Inc. ("WDI") filed its objection to the F&R ("Objection"). [Dkt. no. 123.] Plaintiff Fanny K.F. Tsun ("Plaintiff") filed her response to WDI's Objections ("Response") on June 16, 2013. [Dkt. no. 124.] The Court finds this matter suitable for disposition without a hearing pursuant to Rules LR7.2(d) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the parties' submissions and the relevant legal authority, the Court HEREBY DENIES WDI's Objection and ADOPTS the magistrate judge's

F&R for the reasons set forth below.

## BACKGROUND

On March 28, 2013, this Court issued its Order Granting WDI's Motion for Summary Judgment on Plaintiff Fanny K.F. Tsun's Complaint Filed January 24, 2012 ("3/28/13 Order"). [Dkt. no. 94.] In the 3/28/13 Order, the Court (1) dismissed Plaintiff's Family Medical Leave Act ("FMLA") claim, finding that she failed to demonstrate that she was entitled to FMLA-protected leave, either to care for her father-in-law, or because of her back injury; and (2) dismissed Plaintiff's Hawai`i Family Leave Law ("HFLL") claim, finding that she failed to demonstrate that she was entitled to HFLL-protected leave after her two weeks of approved leave expired. [3/28/13 Order at 15, 20.]

## I. Motion For Attorneys' Fees

On April 11, 2013, WDI filed a Motion for Attorney's Fees and Costs ("Motion"). [Dkt. no. 106.] WDI argued that it was entitled to $77,712.01 in attorneys' fees and tax pursuant to Haw. Rev. Stat. § 607-14.5 because Plaintiff's claims were frivolous, as she knew when she filed them that she could not meet the requirements under either the FMLA or the HFLL.

The magistrate judge declined to recommend an award of fees because this Court did not make a finding in its 3/28/13 Order that Plaintiff's claims were frivolous. [F&R at 6.]

**II.  Objection and Response**

WDI objects to the F&R on the ground that Plaintiff's claims of violations of the FMLA and HFLL were frivolous under Haw. Rev. Stat. § 607-14.5.  WDI argues that all of Plaintiff's claims were "not reasonably supported by the facts and the law in the civil action."  [Objection at 4 (quoting Haw. Rev. Stat. § 607-14.5(b)).]  Specifically, WDI argues that, by a plain reading of the language of the statute (29 U.S.C. § 2611(7)), Plaintiff knew or should have known that she had no claim for a FMLA violation concerning her deceased father-in-law, as the FMLA's definition of "parent" expressly excludes "parents-in-law."  [Id. at 5.]  Similarly, WDI argues, Plaintiff should have known that she was not treated by a "health care provider," and did not have a "serious health condition," as those terms are defined under the FMLA.  Further, WDI argues, a plain reading of the HFLL indicates that Plaintiff must have known, or should have known, that her claims under that state statute were likewise precluded.  [Id. at 6.]  As such, WDI asks the Court to find that Plaintiff's claims were frivolous and, thus, WDI is entitled to attorneys' fees pursuant to Haw. Rev. Stat. § 607-14.5.

In the Response, Plaintiff argues that, because the Court did not make a written finding of frivolousness in its 3/28/13 Order, WDI is not entitled to attorneys' fees.  Further, Plaintiff argues that her claims were not frivolous.  [Response

at 6.]

**STANDARD**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered."  Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); see also United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the Court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

**DISCUSSION**

Haw. Rev. Stat. § 607-14.5(a) provides:

4

> In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).[1]

A "frivolous" claim is one that is "'so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court is not required.'" Canalez v. Bob's Appliance Serv. Ctr., Inc., 89 Hawai`i 292, 300, 972 P.2d 297, 303 (1999) (quoting Coll v. McCarthy, 72 Haw. 20, 29, 804 P.2d 881, 887 (1991)).

WDI argues that, because Plaintiff's claims were frivolous, WDI is entitled to attorneys' fees. While this is a

---

[1] Subsection (b) provides:

> In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.

5

very close question, and WDI's insistence that Plaintiff's claims are frivolous is understandable, the Court ultimately must disagree.  The Court recognizes that Plaintiff's claims were dangerously close to being so manifestly without merit that no argument was required.  On summary judgment, Plaintiff failed to present any evidence supporting her claims that she qualified for protection under the FMLA and/or the HFLL for her time spent caring for her ailing father-in-law or because of her back injury; however, these issues were still the subject of briefing and argument by the parties.  These claims on their face did appear to be improvidently brought and poorly supported, but they were dismissed only after argument highlighted their inadequacies.  See Canalez, 89 Hawai`i at 300, 972 P.2d at 303 ("A frivolous claim has been defined as 'a claim so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required.'" (quoting Coll, 72 Haw. at 29, 804 P.2d at 887)).  Although Plaintiff's claims were not particularly well grounded in law or fact, they do not meet the standard of frivolousness articulated in Haw. Rev. Stat. § 607-14.5 and Canalez.  The Court therefore DENIES WDI's Objection.

## CONCLUSION

On the basis of the foregoing, the Court HEREBY DENIES WDI's Objection to Findings and Recommendation to Deny Defendant

WDI International, Inc.'s Motion for Attorney's Fees and Costs, filed June 3, 2013, and ADOPTS the magistrate judge's Findings and Recommendation to Deny Defendant WDI International, Inc.'s Motion for Attorney's Fees and Costs, filed May 28, 2013.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 25, 2013.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FANNY K.F. TSUN V. WDI INTERNATIONAL, INC.; CIVIL NO. 12-00051 LEK-KSC; ORDER DENYING WDI'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY DEFENDANT WDI INTERNATIONAL, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS AND ADOPTING THE FINDINGS AND RECOMMENDATION**